Ed H. Pavey, Director Kansas Law Enforcement Training Center P.O. Box 647 Hutchinson, Kansas 67504-0647
Dear Director Pavey:
You ask whether a community correctional officer, such as a part-time surveillance officer or an intensive supervision officer, falls within the meaning of "law enforcement officer" or "police officer" for purposes of K.S.A. 74-5601 et seq., and amendments thereto, the law enforcement training act.
You inform us that a community corrections agency employs "part time surveillance officers" who monitor the activities of their community corrections clients and, on occasion, may execute arrests of those clients for violating the terms and conditions of their assignment to the corrections programs. These part-time surveillance officers are considered community correctional officers.
You also inform us that another community corrections agency employs a person as an "intensive supervision officer" who makes periodic client home visits and who also has arrest authority pursuant to K.S.A. 22-3716. The intensive supervision officer is also a community correctional officer.
As director of the Kansas law enforcement training center, you have a responsibility to ensure that each applicant for admission to the course for police officers and law enforcement officers conducted at the training center is "qualified to serve as a law enforcement officer." K.S.A. 1995 Supp. 74-5604. For this reason you inquire whether this surveillance officer or intensive supervision officer is a law enforcement officer pursuant to the law enforcement training act.
For purposes of the act the terms "police officer' or "law enforcement officer" are defined in part as:
 "a full-time or part-time salaried officer or employee of the state, a county or a city, whose duties include the prevention or detection of crime and the enforcement of the criminal or traffic laws of this state or of any municipality thereof." K.S.A. 1995 Supp. 74-5602; K.S.A. 1995 Supp. 74-5602a.
The cited statutes (both of which amended K.S.A. 1994 Supp. 74-5602) contain the quoted preliminary language and a listing of specific persons who are included within the meaning of the terms and a listing of persons who are not. In our opinion none of the specific inclusions or exclusions are applicable to this discussion and this issue must be analyzed based on the prefatory language.
The first question is thus whether a community correctional officer (including a part time surveillance officer or an intensive supervision officer) is an employee of the state, a county or a city? The community corrections act, K.S.A. 75-5290 et seq., and amendments thereto, authorizes the secretary of corrections to make grants to counties for the development, implementation, operation and improvement of community corrections services. A county or group of cooperating counties which qualify for a grant may employ a director and such other officers, employees and agents as deemed necessary to carry out the provisions of that act. K.S.A. 75-5295. It is thus our opinion that a community correctional officer is an employee of a county.
The second question is whether a community correctional officer's duties include the prevention or detection of crime and enforcement of the criminal laws of this state. K.S.A. 22-3716 grants court services officers and community correctional services officers the power to make a warrantless arrest upon their judgment that a client has violated the conditions of release or a nonprison sanction. A court may order such conditions as it deems proper under the circumstances. K.S.A. 21-4603; 21-4610. A community correctional officer's authority to arrest is thus limited to situations whereby the officer believes a client has violated one or more court-ordered conditions. In our opinion this limited arrest authority is not concurrent with the authority to enforce "the criminal laws of this state" which we understand to refer to crimes defined by state statutes.
In our opinion the grant of limited arrest authority pursuant to K.S.A. 22-3716 does not bring community correctional officers within the group of persons whose duties include the prevention, detection and enforcement of Kansas' criminal laws. We therefore conclude that a community correctional officer, including a part time surveillance officer or an intensive supervision officer, is not a "law enforcement officer" for purposes of the law enforcement training act.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm